OPINION OF THE COURT
Matthew J. D’Emic, J.
The People have moved before this court for an order compel *342 ling the defendant to take part in a lineup procedure. The defense opposes the motion on grounds of untimeliness, and further opposes it on the merits.
The motion is denied as untimely.
In determining this motion, the court has considered the parties’ submissions and reviewed the official court file.
Factual Background and Discussion
The defendant is charged under the instant indictment with rape in the first degree and attempted rape in the first degree, respectively, as well as other offenses, relating to two separate incidents, one taking place on February 24, 2013 and the other occurring on March 3, 2013. The defendant was arrested in the course of the second sexual assault.
On or about March 4, 2013, the complainant in the February 24, 2013 sexual assault identified the defendant as the perpetrator from a photo array, and the defendant was then charged with those crimes. However, the People assert that the defendant could not be placed in a lineup at that time because his face was bruised during his struggle with police when he resisted being arrested on March 3, 2013.
Moving for the first time on September 28, 2016 for the defendant to be placed in a lineup to be viewed by the complainant in the February 24, 2013 incident, the People indicate that they are requesting this lineup now because one could not be conducted at the time of the defendant’s arrest and because the defendant had not been fit to proceed “most of [the] time” after the defendant’s arrest in 2013.
Both parties agree and the court file also indicates that, following several CPL article 730 commitments to the custody of the Commissioner of Mental Health, the defendant was ultimately found fit to proceed and the case was returned to the Part 30 calendar on October 15, 2015. According to the People, since that time the case was adjourned for discovery “and is now at a trial posture.”
In the period since October 15, 2015, the court heard the People’s application to compel the defendant to provide a buccal swab for DNA testing. That application was granted on January 14, 2016, with the swabbing to take place within the following two weeks (Foley, J.). Despite having one application for non-testimonial evidence already pending before the court, the People did not move for a lineup order during that time.
After the DNA test results were finally received, the case was subsequently adjourned to May 26, 2016 (and later dates) *343 for hearings. (The results of the DNA tests are unknown to this court.) Following the transfer of this case to this court part (AJ TAP), the case was again set down for hearings for September 12, 2016. Hearings were not held on that date; and, on September 28, 2016, the People made the instant motion for a lineup.
The motion is denied for the reasons which follow.
Pursuant to CPL 240.40 (2) (b), and “subject to constitutional limitation,” a court before which an indictment is pending “may order the defendant to provide non-testimonial evidence” and require him to perform such acts as appearing in a lineup, speaking for identification by a witness, posing for photographs not involving reenactment of an event, etc. (see e.g. CPL 240.40 [2] [b] [i], [ii], [iv], respectively). The discovery statute also dictates that “[a] motion by a prosecutor for discovery shall be made within forty-five days after arraignment, but for good cause shown may be made at any time before commencement of trial” (CPL 240.90 [1]).
Asserting that the defendant has been capable of participating in court procedures, and given that this lineup request is being made “almost 1 year after the defendant was found fit,” the defense argues that the motion is untimely and that there is no legal reason to compel this lineup.
The court concurs with the defense.
While not expressly framed as “good cause,” it is clear that the People’s discussion of the defendant’s extensive period of unfitness is intended to constitute a “good cause” excuse for their delay in bringing this application. Nevertheless, the People fail in their attempt to do so.
The People have not established “good cause” for the full extent of their delay in requesting the production of this non-testimonial evidence. While it is indisputable that a lineup could not have been conducted during the periods the defendant was unfit, the People have not demonstrated good cause or any reason for their further delay, waiting almost one year after the defendant was found fit and returned to the custody of the New York City Department of Correction. There is simply no excuse, articulated or self-evident, for making this application at this late date, when this case is, by the People’s own assertion, at a trial posture.
Nor have the People shown a necessity for the lineup. Contrary to the language contained in the People’s proffered *344 draft order, this lineup cannot be necessary and material to the investigation of the crime committed on February 24, 2013, as that complainant has already identified the defendant as the perpetrator of that incident, albeit through a photo array procedure.
The People’s motion is, therefore, denied.